UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X

MANUEL HERNANDEZ,

                                    Plaintiff,      **FIRST AMENDED**
                                                    **COMPLAINT**

                 -against-
                                                    12-cv-6417-ILG-VVP

THE CITY OF NEW YORK; CAPTAIN LUIS
DESPAIGNE, TAX # 914344; LT. GERALD
FERGUSON, TAX # 903127; SGT. WILLIAM                ECF Case
PROKESCH, SHIELD # 4366; DET. PHILIP
ADASZEWSKI, SHIELD # 3807; DET. SHAHEED              Jury Trial Demanded
RAHEEM, SHIELD # 7954; and P.O. JOHN DOES
# 1-10,

                                    Defendants.

---------------------------------------- X

## PRELIMINARY STATEMENT

        1.   This is a civil rights action in which plaintiff
seeks relief for the violation of plaintiff's rights secured by
42 U.S.C. § 1983; and the Fourth, Fifth, Sixth, and Fourteenth
Amendments to the United States Constitution, and the laws of
the State of New York.  Plaintiff's claims arise from incidents
that arose on or about October 1, 2011.  During the incidents,
the City of New York, and members of the New York City Police
Department ("NYPD") subjected plaintiff to, among other things:
unlawful search and seizure; false arrest; assault and battery;
unreasonable force; failure to intervene; malicious prosecution;
denial of a fair trial; conversion of chattels; implementation

and continuation of an unlawful municipal policy, practice, and custom; and respondeat superior liability.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2.    This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiff's notices of claim were duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims.  Plaintiff has satisfied all conditions precedent for the filing of this action, including attending a 50-hearing on January 17, 2012.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Queens County,

and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.   Plaintiff Manuel Hernandez is Hispanic, and a resident of the State of New York, Queens County.

6.   At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.   At all times alleged herein, defendants Captain Luis Despaigne, Tax # 914344, Lt. Gerald Ferguson, Tax # 903127, Sgt. William Prokesch, Shield # 4366, Det. Philip Adaszewski, Shield # 3807, Det. Shaheed Raheem, Shield # 7954, and P.O. John Does # 1-10 were New York City Police Officers employed with the Vice Enforcement Division Queens, and/or 115th Precinct, located in Queens County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8.   The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

**The Incident**

9.   On October 1, 2011, in the vicinity of 99-11 37th Avenue, Queens, New York, and the 115th Precinct, Brooklyn, New

York, several police officers operating from the Vice Enforcement Division Queens and/or 115th Precinct, including upon information and belief, defendants Captain Despaigne, Lt. Prokesch, Det. Philip Adaszewski, Det. Raheem, and P.O. John Does # 1-10, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

10.   On October 1, 2011, at approximately 5:00 a.m. in the vicinity of 99-11 37th Avenue, Queens, New York, Captain Despaigne, Lt. Prokesch, Det. Philip Adaszewski, Det. Raheem, and P.O. John Does # 1-10, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully arrested plaintiff.

11.   Plaintiff was at 99-11 37th Avenue, Queens, New York when the police entered the premises by breaking down the door.

12.   Plaintiff was talking to people inside the premises.

13.   A police officer came straight at plaintiff and punched him in the face and threw him to the floor.

4

14.   The same officer kicked plaintiff, grabbed plaintiff by the genitals, handcuffed plaintiff, and took money from plaintiff that he did not voucher.

15.   Another officer laughed at plaintiff and kicked plaintiff.

16.   Plaintiff was physically injured as a result of this unprovoked attack, including facial fractures.

17.   The police left plaintiff lying on the floor in his own blood until paramedics arrived to treat his injuries.

18.   The paramedics transported plaintiff to Elmhurst Medical Center Hospital where he received limited medical treatment, before being transported to the 115th Precinct where the police processed his arrest.

19.   Eventually, the police transported plaintiff to Central Booking for arraignment, and he was released.

20.   After his release, plaintiff received further medical treatment.

21.   In order to cover up their illegal actions, the defendant officers, including Det. Adaszewski, pursuant to a conspiracy, initiated, and falsely and maliciously told the Queens County District Attorney's Office that the plaintiff had committed various crimes, including resisting arrest, criminal

possession of a controlled substance, and unlicensed bottle club.

22.   The defendant officers made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to retaliate against plaintiff, to meet productivity goals and quotas, and to justify overtime expenditures.

23.   Upon information and belief, the unlawful actions against plaintiff were also based on profiling or racial indifference.

24.   The criminal case against plaintiff was dismissed in its entirety, terminating in his favor on March 19, 2013, and plaintiff filed an amended notice of claim.

**General Allegations**

25.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

26.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

58.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively

reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

59.   The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

60.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

61.   Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

62.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.   Defendants unlawfully stopped and searched plaintiff without cause or consent.

63.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

64.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

65.   Defendants unlawfully stopped and searched plaintiff without cause or consent.

66.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

67.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

68.   Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

69.   Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

8

## FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

70.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

71.    Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

72.    Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

73.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

74.    The individual defendants' use of force upon plaintiff was objectively unreasonable.

75.    The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

76.    Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

77.   Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

78.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

79.   Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

80.   Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

81.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

82.   Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiff were illegal physical contacts.

83.   Accordingly, defendants are liable to plaintiff under New York State law for battery.

10

## EIGHTH CLAIM

### (FAILURE TO INTERVENE)

84.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

85.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

86.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## NINTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER FEDERAL LAW)

63.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

64.   The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiff had committed various crimes.

11

65.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

66.   The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

67.   The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

## **TENTH CLAIM**

### **(MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)**

68.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

69.   The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiff had committed various crimes.

70.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

71.   The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

## ELEVENTH CLAIM

### (DENIAL OF FAIR TRIAL)

72.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

73.   The defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

74.   Furthermore, the defendants violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

75.   Furthermore, the individual defendants violated the law by manipulating evidence to obtain a prosecution and unjust conviction, while performing the function of investigators.

76.   The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally

and is redressable in an action for damages under 42 U.S.C. §
1983.

77.   The individual defendants are also liable to
plaintiff because they intentionally created false information
likely to influence a fact finder's or jury's decision by, *inter
alia*, forwarding false information to prosecutors, drafting and
signing a sworn criminal court complaint and police reports,
omitting and/or manipulating evidence, fabricating testimony and
evidence, suppressing and concealing exculpatory material and
evidence, and forwarding and presenting false information to a
court thereby violating plaintiff's constitutional right to a
fair trial, and the harm occasioned by such an unconscionable
action is redressable in an action for damages under 42 U.S.C. §
1983.

## TWELFTH CLAIM

### (CONVERSION OF CHATTELS)

78.   Plaintiff repeats and realleges all the foregoing
paragraphs as if the same were fully set forth at length herein.

79.   Plaintiff had clear legal ownership to possession
of the property (United States currency) described above and
defendants converted plaintiff's property by a wrongful taking.

14

80.   Accordingly, defendants are liable to plaintiff for damages that resulted from the conversion under New York State law.

### THIRTEENTH CLAIM

### (MONELL CLAIM)

81.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

82.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

83.   Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) wrongfully arresting innocent persons in order to meet productivity goals; (2) wrongfully arresting individuals based on pretexts and profiling; (3) using unreasonable force on individuals; and (4) fabricating evidence against innocent persons.

84.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

15

85.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

86.   Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

87.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

88.   In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects,

16

falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison. In 2011, Brooklyn South narcotics officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

89.    Additionally, the existence of the aforesaid unconstitutional customs and polices of profiling minorities, may be inferred from an analysis of the NYPD conducted by the New York Civil Liberties Union ("NYCLU"). The NYCLU's analysis revealed that more than 2 million innocent New Yorkers were

subjected to police stops and street interrogations from 2004
through 2011, and that black and Latino communities continue to
be the overwhelming target of these tactics.  Nearly nine out of
10 stopped-and-frisked New Yorkers have been completely
innocent, according to the NYPD's own reports.

90.   In August 2009, Proffer Levine released a report
entitled *The Epidemic of Pot Arrests in New York City*, which
stated: Perhaps most appalling is who the police are arresting
for marijuana possession.  United States government studies have
consistently found that young whites use marijuana at higher
rates than do young blacks or Latinos. But the NYPD has long
arrested young blacks and Latinos for pot possession at much
higher rates than whites. In 2008, blacks were about 26% of New
York City's population, but over 54% of the people arrested for
pot possession. Latinos were about 27% of New Yorkers, but 33%
of the pot arrestees. Whites were over 35% of the City's
population, but less than 10% of the people arrested for
possessing marijuana. In 2008, police arrested Latinos for pot
possession at four times the rate of whites, and blacks at seven
times the rate of whites.

91.   Furthermore, documented civilian complaints about
officer misconduct show that African Americans are the most
likely targets of abuse, but their complaints are largely

18

ignored.  According to the City of New York's Civil Complaint Review Board's ("CCRB") Status Report, dated December and January 2010, in 2010 African Americans were overrepresented as alleged victims of police misconduct.  Although making up only 23% of New York City's population, they are 58.5% of the alleged victims in CCRB complaints.  On the other hand, whites and Asians were a disproportionately low percentage of alleged victims.

92.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

93.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

94.    The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**FOURTEENTH CLAIM**

**(RESPONDEAT SUPERIOR)**

95.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

19

96.   The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

97.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         August 28, 2013


ROBERT FELDMAN, ESQ.            MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*        *Attorney for Plaintiff*
14 Wall Street, 20th Floor      16 Court Street, suite 3301
New York, New York 10005        Brooklyn, New York 11241
(917) 657-5177                  (718)246-2900
                                mhueston@nyc.rr.com
                                By:

                                ___s/_____
                                MICHAEL O. HUESTON